Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Demetrius Shaw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
Demetrius Shaw

               Plaintiff,

   v.

Halsted Financial Services, LLC

               Defendant.
-------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendant, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to secure redress for the unlawful debt collection practices utilized by Halsted Financial Services, LLC ("Halsted") in connection with their attempts to collect an alleged debt from the Plaintiff.

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Demetrius Shaw, is an individual natural person who at all relevant times resided in the City of Elizabeth, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Halsted is a limited liability corporation with its principal place of business located at 8001 Lincoln Avenue, Suite 500 Skokie, IL 60077.

10. The principal purpose of Halsted is the collection of debts using the mail and telephone.

11. Halsted regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Halsted is registered as a debt collector with the state of New Jersey.

13. Halsted is licensed as a debt collector with the state of New Jersey.

14. Halsted is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

15. Sometime prior to February 1, 2020, Plaintiff allegedly incurred a debt to Credit One Bank, N.A. ("Credit One") related to a personal credit card account with an account number ending in 4599 (the "Debt").

16. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household purposes, namely fees alleged to have emanating from a personal credit card account in Plaintiff's name that was issued by Credit One.

17. Plaintiff did not open or use any credit card accounts, including the one Defendant alleges he opened with Credit One, for business purposes.

18. Plaintiff's alleged Debt to Credit One is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Halsted claims that Resurgent Receivables LLC purchased the Debt from Credit One and is now the entity to whom the Debt is owed.

20. Halsted claims that the Debt was in default when Resurgent Receivables LLC allegedly purchased the Debt from Credit One.

21. Plaintiff does not concede or agree that he owes the Debt to Resurgent Receivables LLC or that the Debt was purchased by and/or assigned to Resurgent Receivables LLC. Plaintiff only alleges that Halsted claims that Resurgent Receivables LLC purchased the Debt after it went into default and that now Plaintiff owes the Debt to Resurgent Receivables LLC.

22. Plaintiff denies that arbitration rights, if any, were assigned to Resurgent Receivables LLC.

23. At a time known only to Defendant, Plaintiff's Debt was referred to Halsted by Resurgent Receivables LLC for collection.

24. Halsted was never transferred, sold, or assigned any legal interest or rights with regard to the Debt.

25. Halsted is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

26. Halsted contends that the Debt is in default.

27. Halsted contends that the Debt is past-due.

28. The Debt was in default at the time it was referred to Halsted for collection.

29. The Debt was past-due at the time it was referred to Halsted for collection.

30. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

31. As part of their effort to collect the Debt, Halsted communicated by email with the Plaintiff's nephew, Tahjee Shaw.

32. Plaintiff never gave consent or permission to Halsted to communicate with his nephew, Tahjee Shaw, regarding the Debt or for any other reason.

33. No Court of competent jurisdiction ever gave consent or permission to Halsted to contact Tahjee Shaw regarding the Debt.

34. Halsted did not contact Tahjee Shaw in an effort to effectuate a post judgment judicial remedy regarding the Debt.

35. Halsted did not contact Tahjee Shaw in an effort to acquire location information regarding the Plaintiff.

36. Tahjee Shaw has an email address through google mail, more commonly known as a "g-mail" account.

37. On October 22, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

38. On October 26, 2020, in in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

39. On October 30, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

40. On November 8, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for

the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

41. On November 12, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

42. On November 18, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

43. On November 24, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

44. On December 1, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the

amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

45. On December 7, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

46. On December 10, 2020, in an effort to collect the Debt, Halsted sent an email which stated that it was for the Plaintiff, but it was sent by Halsted to Tahee Shaw's g-email address. The email disclosed information about Plaintiff's Debt, including but not limited to the amount of the Debt, creditor to whom the Debt was owed, Halsted reference number for the Debt, a request for payment of the Debt, the fact that Halsted was a debt collector, and that the communication was an attempt by Halsted to collect the Debt.

47. Every email referenced above that Halsted sent to Tahjee Shaw's email address was sent in connection with the collection of Plaintiff's Debt.

48. Every email referenced above that Halsted sent to Tahjee Shaw's email address seeks to collect the Debt.

49. Every email referenced above that Halsted sent to Tahjee Saw's email address conveyed information regarding the Debt including the Balance Due, Halsted reference number, and requested payment of the Debt.

50. Every email referenced above that Halsted sent to Tahjee Shaw is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

51. Every one of the emails referenced above that Halsted sent to Tahjee Shaw's email address contained a link that when clicked would take one to Halsted's website. On Halsted's website, more information regarding the Debt could be found and payment options for the Debt could be viewed. (Attached hereto as **Exhibit A** is a true and accurate copy of a printout from Halsted's website that appears after the link in their above referenced emails is clicked).

52. The printout from Halsted's website attached as **Exhibit A** contains a box where an email address for the Plaintiff is listed as shawtrucking@live.com. This is Plaintiff's correct email address.

53. Halsted had actual knowledge prior to sending the emails referenced above that the Plaintiff's email address was shawtrucking@live.com.

54. Prior to sending the emails referenced above, Halsted's business records showed that the Plaintiff's email address was shawtrucking@live.com.

55. Despite Defendant having actual knowledge of Plaintiff's correct email address, Plaintiff's correct email address appearing in Defendant's business records, and Plaintiff's correct email address being listed on Defendant's website in the printout attached as **Exhibit A**, Halsted sent no fewer than ten (10) emails to the Plaintiff's nephew, who has a completely different email address, in an effort to collect the Debt.

56. By emailing private information regarding Plaintiff, the Debt, and Plaintiff's financial situation to his nephew, Halsted caused the Plaintiff to suffer, humiliation, anger, anxiety, emotional distress and embarrassment.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. The conduct of the Defendant described above violates 15 U.S.C. § 1692c(b).

59. 15 U.S.C. §1692c(b) provides:

**(b) Communication with third parties**

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

60. Halsted violated § 1692c(b) of the FDCPA because on no fewer than ten (10) occasions they communicated in connection with the collection of the Debt with a third party, namely the Plaintiff's nephew, Tahjee Shaw. Halsted had actual knowledge of Plaintiff's email address, and this same email address appears in both Halsted's business records and on Halsted's website as the email address they have for the Plaintiff (*see* **Exhibit A**). However, instead of emailing Plaintiff at his actual email address, which Halsted had in their business records, Halsted emailed the Plaintiff's nephew messages, supposedly meant for the Plaintiff, no fewer than ten (10) times. Halsted never received Plaintiff's permission to contact or email his nephew regarding the Debt, and no court of competent jurisdiction ever gave Halsted permission to email or contact Plaintiff's nephew regarding the Debt.

61. Upon information and belief, Halsted sent the emails referenced above to Plaintiff's nephew in an attempt to embarrass and humiliate the Plaintiff into paying the Debt so that Halsted would cease emailing his family members regarding the Debt and his financial situation.

62. Plaintiff has suffered and continues to suffer actual damages as a result of Halsted's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress and embarrassment.

63. Halsted is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against the Defendant for:

(1)  Statutory damages;

(2)  Actual damages;

(3)  Attorney's fees, litigation expenses and costs of suit; and

(4)  Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Floral Park, New York
February 1, 2021

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com